PER CURIAM.
 

 In this workers’ compensation appeal, claimant challenges an order of the Judge of Compensation Claims (JCC) denying his request for temporary partial disability (TPD) benefits and temporary total disability (TTD) benefits. We affirm the JCC’s denial of TTD benefits without further comment; however, for the reasons explained below, we reverse the JCC’s denial of TPD benefits following claimant’s voluntary resignation from employment.
 

 On June 5, 2007, claimant suffered a compensable injury while working as a luggage handler for the Employer/Carrier (E/C). Claimant received authorized treatment from Dr. Brown until January 11, 2008, at which time Dr. Brown placed claimant at maximum medical improvement (MMI). Claimant exercised his onetime change in treating physician and began treating with Dr. Donshik. Dr. Don-shik opined claimant had not yet reached MMI and restricted claimant to light-duty work. On January 16, 2008, claimant resumed working for the E/C in a light-duty position. Claimant worked for the E/C in a light-duty capacity until October 11,
 
 *902
 
 2008, when claimant voluntarily resigned from employment.
 

 On appeal, claimant argues, inter alia, the JCC erred in denying his claim for TPD benefits beginning October 12, 2008, based on claimant’s refusal of suitable employment. We agree. Because the JCC failed make a determination concerning the continued availability of the position from which claimant resigned, we reverse and remand for further findings.
 

 Our analysis does not overlook the JCC’s seeming acceptance of Dr. Brown’s MMI date of January 11, 2008. Although stating he accepted Dr. Brown’s MMI date, the JCC then provided a fairly detailed analysis of claimant’s entitlement to TPD benefits subsequent to January 11, 2008. Such analysis must presuppose claimant was not at MMI at that time.
 
 See
 
 § 440.15(4)(a), Fla. Stat. (2006). Had the JCC accepted Dr. Brown’s MMI date, he would not have deemed “October 11, 2008, and continuing” a “viable period of TPD.” Viewed in its entirety, the final order indicates the JCC did not accept Dr. Brown’s date of MMI, but instead accepted Dr. Donshik’s opinion that claimant had not reached MMI at any point during the time periods in question. Consequently, on remand, the JCC should clarify the issue of MMI. If the JCC finds claimant had not reached MMI on January 11, 2008, the JCC should determine claimant’s entitlement to TPD benefits in accordance with the following principles.
 

 In the final order, the JCC found claimant medically eligible for TPD benefits, but denied benefits because claimant voluntarily resigned from suitable employment. The JCC concluded claimant failed to meet his burden of proving a causal connection between the work-related injury and the claimed wage loss. Nevertheless, in the context of the JCC’s order, the only articulated basis for this finding was claimant’s voluntary resignation from employment. The JCC correctly noted that a claimant who refuses suitable employment is not entitled to TPD benefits. The inquiry, however, should not have ended there. That claimant voluntarily resigned does not alone support denial of TPD subsequent to claimant’s resignation.
 
 See A. Duda & Sons, Inc., v. Kelley,
 
 900 So.2d 664, 669 (Fla. 1st DCA 2005) (holding claimant’s disqualification from benefits applies only during continuance of refusal);
 
 see also Moore v. Servicemaster Commercial Servs.,
 
 19 So.3d 1147, 1152 (Fla. 1st DCA 2009) (holding voluntary limitation of income caused by refusal to accept suitable job does not permanently foreclose right to indemnity benefits). The appropriate analysis would determine whether claimant’s refusal of employment continued after October 12,
 
 2008,
 
 and whether claimant’s refusal was justifiable.
 
 See
 
 § 440.15(6), Fla. Stat. (2006);
 
 see also Moore,
 
 19 So.3d at 1147 (although employer not required to continually reoffer job to avail itself of statutory defenses based on unjustified voluntary limitation of income, employer must establish continued availability of job for each applicable period to obtain continued benefit of defense).
 

 On remand, the JCC should revisit the date of MMI and, if the JCC finds claimant was not at MMI as of January 11, 2008, the JCC should determine the continued availability of the light-duty position after claimant’s resignation on October 11, 2008. Additionally, the JCC should determine whether claimant’s refusal of suitable employment was justifiable. REVERSED in part and REMANDED for proceedings consistent with this opinion. In all other respects, the JCC’s order is AFFIRMED.
 

 KAHN, ROWE, and MARSTILLER, JJ., concur.